1
2
3
4
5
6
7
8
9

THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 10  ALASKA VILLAGE ELECTRIC<br>     COOPERATIVE, INC., an Alaska<br>11  corporation,<br><br>12              Plaintiff,<br><br>13              v.<br><br>14  ZURICH AMERICAN INSURANCE<br>     COMPANY, et al.,<br><br>15              Defendant. | IN ADMIRALTY AND AT LAW<br><br>Lead Case No. 2:11-cv-01375-RAJ<br><br>*(Consolidated with Member Case No.<br>2:11-cv-01819-RAJ)*<br><br>DEFENDANTS' MOTION TO<br>COMPEL AND TO EXCLUDE<br>EXPERT TESTIMONY<br><br>**NOTE ON MOTION CALENDAR:<br>AUGUST 1, 2014** |
| 16<br>17  ZURICH AMERICAN INSURANCE<br>     COMPANY, et al.<br>18<br>19              Plaintiffs,<br><br>20              v.<br><br>21  VITUS MARINE, LLC, et. al.,<br><br>22              Defendants.<br>23 | Member Case No. 2:11-cv-01819-RAJ<br><br>*(Consolidated with Lead Case No. 2:11-<br>cv-01375-RAJ)*<br><br>*(Transferred from USDC Southern<br>District of Texas, Case No. 4:11-cv-<br>03022)* |

24        I.    **INTRODUCTION**

25        Attorney James Bauer and his firm represent the assureds in this case as well as four

26  of the five underwriters. Mr. Bauer effectively created the current dispute, and now with

DEFENDANTS' MOTION TO COMPEL AND TO
EXCLUDE EXPERT TESTIMONY - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone 206.622.1711  Fax 206.292.0460

PDX\111581\182524\CBN\14086192.1

expert testimony, he seeks to bolster his prior advice and actions. Mr. Bauer should be compelled to disclose the full extent of his representation of the parties in this litigation, answer questions he refused to address at deposition, and his expert opinions should be excluded.

Mr. Bauer was intimately involved in all aspects of drafting the underlying vessel construction contract between Alaska Village Electric Cooperative ("AVEC"), Microgen Technologies, Inc. ("Microgen"), Vitus Marine, LLC ("Vitus"), and Sneed Shipbuilding ("Sneed")—including its insurance requirement. The procurement of a marine builder's risk policy without Addendum No. 2 was at his advice and counsel.

Then, when defective workmanship was discovered, Mr. Bauer assisted the broker in submitting a claim on behalf of his clients against his other clients, the insurer defendants in this case. His office assisted in preparation of the Complaint in this case, despite the clear conflicts. He allowed this to occur despite being fully aware of the existence of conflicts, as he admitted at deposition and as is reflected in his contemporaneous e-mails. He was involved in the negotiation of a settlement between AVEC and Sneed that assigned the insurance proceeds. When the underwriters disagreed with his interpretation of the policy language, Mr. Bauer submitted two declarations directly attacking his underwriter clients' policy interpretation, and implying that his privileged communications with those same underwriters belied their interpretation. He now purports to serve as an expert witness against his underwriter clients, in favor of his other clients.

When questioned at his deposition about the communications referred to in his declaration, Mr. Bauer invoked the Rules of Professional Conduct and attorney-client privilege, in a belated attempt to conceal the extent of his involvement and attorney-client relationships. Mr. Bauer should be required to fully disclose the nature of his attorney-client relationships with the parties to this litigation. He should be required to disclose in what capacity he is serving as an expert. And he should be excluded from testifying as an expert

DEFENDANTS' MOTION TO COMPEL AND TO
EXCLUDE EXPERT TESTIMONY - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206.622.1711 Fax 206.292.0460

PDX\111581\182524\CBN\14086192.1

1    witness due to his multiple conflicts of interest.  He should further be compelled to answer

2    fully the questions he refused to answer during his deposition and about the "facts" he

3    alleged in his declarations.

4    ## II.    RELIEF REQUESTED

5      Zurich respectfully requests that the Court compel James Bauer to disclose (1) the

6    time frame and nature of his representation of the Zurich underwriters from the summer of

7    2010 to the present; and (2) the identities of underwriters and brokers referenced in his

8    Declaration, as well as all facts and circumstances surrounding his conversations with those

9    underwriters regarding Addendum No. 2. Zurich further requests that the Court compel Mr.

10   Bauer to disclose the time frame and nature of his current representation of AVEC,

11   Microgen, and Vitus.

12     Zurich requests that the Court exclude Mr. Bauer from testifying as an expert witness

13   as to any subject on the following grounds: (1) if Mr. Bauer currently or formerly represented

14   any of the Zurich underwriters, he should be prohibited from testifying as an expert witness

15   against them; (2) if Mr. Bauer currently represents AVEC, Microgen, or Vitus, he should be

16   excluded from testifying as an expert witness while serving as its attorney, or alternatively, if

17   he does not represent AVEC, Microgen, or Vitus, he should be excluded due to failure to

18   make disclosures under Fed. R. Civ. P. 26(a)(2)(B); (3) Mr. Bauer should be excluded from

19   offering expert testimony as to the ultimate legal issue in this case. Finally, if the Court does

20   not compel Mr. Bauer to testify regarding the identities and conversations with the

21   underwriters referenced in his declaration, upon which he purportedly bases part of his

22   opinion, and does not exclude the entirety of his expert testimony on those grounds

23   referenced above, the Court should exclude Mr. Bauer from   testifying regarding

24   underwriters' general opinions regarding Addendum No. 2.

25     Zurich further requests that if the Court compels Mr. Bauer to provide supplemental

26   answers, that it be permitted to re-depose him on those questions after the discovery cutoff of

DEFENDANTS' MOTION TO COMPEL AND TO
EXCLUDE EXPERT TESTIMONY - 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone 206.622.1711  Fax 206.292.0460

PDX\111581\182524\CBN\14086192.1

1    August 15, 2014, if necessary.

2    ### III.   STATEMENT OF FACTS

3    ### A.   Factual Background.

4    This case is about the interpretation of a single document: marine builder's risk

5    insurance policy No. FIS-10-042 issued by lead underwriter Zurich American Insurance Co.[1]

6    Beginning in May 2010, Microgen Technologies, Inc. ("Microgen") engaged attorney James

7    Bauer and the law firm Bauer Moynihan & Johnson LLP to assist it with the preparation of a

8    vessel construction agreement for the construction of two articulated tug/barge units by

9    Sneed Shipbuilding, Inc. ("Sneed").[2] Mr. Bauer proposed his firm's Standard Vessel

10   Construction Agreement, which calls for procurement of builder's risk insurance that is

11   comprised of the standard American Institute Builders Risk Clauses (1979) with Addendum

12   No. 2 omitted.[3] The negotiations of the Standard Vessel Construction Agreement occurred at

13   Mr. Bauer's firm's offices, and during the course of those negotiations, Mr. Bauer testified

14   that he explained to his client and Sneed his views on the impact of the omission of

15   Addendum 2.[4] Mr. Bauer testified that he believed that the deletion of Addendum 2 would

16   allow the insureds to "re-obtain coverage for faulty workmanship and faulty production

17   procedures" under the standard builders' risk policy.[5] Mr. Bauer also spoke to Microgen's

18   insurance broker, Chris Bader, regarding the clause, and his beliefs regarding its meaning.[6]

19

20   [1] Zurich issued the policy together with subscribing underwriters National Union Fire
21   Insurance Co., National Casualty Co., Great American Insurance Company of New York, and Starr Indemnity & Liability Line (collectively "Zurich").

22   [2] *See* Declaration of James Bauer at ¶ 3 ("Bauer Decl."), Exhibit A to the AVEC's Expert
23   Disclosure Under F.R.C.P. 26, which is attached in its entirety as Exhibit A to the Declaration of David Ebel in Support of Motion to Compel.

24   [3] Bauer Decl. at ¶ 3, 6.

     [4] *Id.* at ¶ 6-8.

25   [5] *Id.* at ¶ 6.

26   [6] *Id.* at ¶ 9.

DEFENDANTS' MOTION TO COMPEL AND TO
EXCLUDE EXPERT TESTIMONY - 4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone 206.622.1711  Fax 206.292.0460

1    Chris Bader later sought to obtain the requisite insurance from underwriters in the

2    market, and had some trouble. The underwriters were unsure about what Microgen and

3    Sneed were trying to accomplish with the deletion of Addendum No. 2. Linda Windham at

4    ISI (managing agent for underwriter defendant National Casualty) contacted Mr. Bauer, who,

5    according to his testimony, gave her the "same explanation that I provided to Mark Smith

6    and Mitchell Jones" regarding the impact of deletion of Addendum No. 2.[7] However, Ms.

7    Windham has a different recollection of that conversation, and testified "I did not agree and

8    was not asked to provide coverage for the costs of repair for defective work . . . Neither Mr.

9    Bader, Ms. Collins, nor Mr. Bauer asked that of us."[8] A colleague of Chris Bader, T.J.

10   Collins, assured Ms. Windham "Addendum No. 2 is only a 'clarifying' addendum to the

11   builder's risk clauses."[9]

12   David Fowler, representative for Lead Insurer Zurich, also sought clarification on the

13   meaning of the omission of Addendum No. 2. Mr. Fowler first asked Mr. Bader why he

14   wished the Addendum deleted. Mr. Fowler also consulted with his superior at Zurich, John

15   Weber, who assured him that "not including the Addendum made no difference in

16   coverage."[10] Mr. Fowler unambiguously relayed that belief and intent to the broker. Mr.

17   Bader acknowledged this in his deposition testimony. He did not contradict Mr. Fowler,

18   preferring to keep his subjective intent confidential. He repeatedly confirmed he did not

19   advise Mr. Fowler of his intent to secure coverage for defective work or repair costs via

20   omission of Addendum 2.[11]

21

22   [7] *Id.* at ¶ 10.

23   [8] Declaration of Linda Windham in Support of Motion for Summary Judgment ("Windham Decl." at ¶ 4, attached as Exhibit B to the Ebel Decl.

24   [9] Windham Decl., Exh. 1.

25   [10] Declaration of John Weber in Support of Motion for Summary Judgment ("Weber Decl." at ¶ 4, attached as Exhibit C to the Ebel Decl.

26   [11] Ebel Decl., Exh. D at 44:3-45:5; 64:23-66:10.

DEFENDANTS' MOTION TO COMPEL AND TO
EXCLUDE EXPERT TESTIMONY - 5

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206.622.1711 Fax 206.292.0460

The policy was issued without Addendum No. 2.[12] Subsequently, Sneed performed widespread defective welding on the two barges--clear faulty workmanship.[13] The faulty workmanship necessitated re-doing the welds at a cost of approximately $1.2 million.[14] Mr. Bauer prepared a preliminary damage summary for AVEC, Microgen, and Vitus, who were his clients.[15] At that point, Sneed and AVEC put Mr. Bauer in an "intermediary role and used [him] to pass documents back and forth."[16] Mr. Bauer continued to assist Sneed and AVEC with reaching a settlement.[17] Sneed was not represented by counsel.[18]

As Mr. Bauer advised the Vitus Marine parties throughout the summer of 2010, as he spoke to Ms. Windham in July of 2010, as he helped fashion the claims against the insurer defendants, Mr. Bauer and his firm were also acting as counsel and representing at least four of the five underwriter defendants in this case, including significant first-party work.  Mr. Bauer acknowledges only a conflict with Zurich (the lead insurer) in both his deposition testimony and in his contemporaneous e-mail correspondence.[19] In fact, he acknowledged that conflict well before his office assisted in drafting the Complaint in this case.[20]  Today, his firm continues to directly represent at least four of the five defendants on first-party cases, not to mention substantial third-party defense work for at least three of the defendants.[21]

---

[12] Amended Complaint, at ¶ 16.

[13] *Id.* at ¶ 20.

[14] *Id.* at ¶ 22.

[15] Deposition of James Bauer ("Bauer Dep."), relevant excerpts attached as Exhibit E to the Ebel Decl., at 48:8-49:4; 51:17-19.

[16] Bauer Dep.  at 51:6-8.

[17] *Id.* at 53:19-56:19.

[18] *Id.* at 55:1-7.

[19] *Id.* at 59:20-60:8; Exhibit 16.

[20] *Id.*

[21] *See* Declarations of Nager, Goheen, Butler, Ordon.

DEFENDANTS' MOTION TO COMPEL AND TO
EXCLUDE EXPERT TESTIMONY - 6

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206.622.1711 Fax 206.292.0460

1    The three named insureds made a $1.2 million claim to Zurich under the builder's

2    risk policy for the cost to repair Sneed's faulty workmanship. Mr. Bauer was soon contacted

3    by Jeanne Matejovsky, a representative for the broker.[22] She requested his assistance with

4    negotiating the claim with Zurich.[23] He did not perceive this to be a conflict of interest.[24]

5    Zurich evaluated the claim upon receipt and denied the claim based on controlling

6    case law interpreting the precise language at issue, including *Trinity Industries, Inc. v.*

7    *Insurance Co. of North America,* 916 F.2d 267 (5th Cir. 1990); *North American*

8    *Shipbuilding, Inc. v. Southern Marine & Aviation Underwriting,* 930 S.W.2d 829 (Ct. App.

9    Tex. 1996); and *Wolstein v. Yorkshire Insurance Co.,* 97 Wn. App. 201, 985 P.2d 400

10   (1999).

11   **B.   Procedural Background.**

12   On August 18, 2011, Zurich brought suit against Vitus, Microgen, and Sneed in the

13   United States District Court for the Southern District of Texas seeking a Declaratory

14   Judgment that there was no coverage under the policy. Later the same day, AVEC filed its

15   action in this Court.[25] AVEC asserted claims against Zurich for breach of contract, bad faith

16   denial of coverage, Insurance Fair Conduct Act ("IFCA") violations, Consumer Protection

17   Act ("CPA") violations, and for an award of *Olympic Steamship* attorneys' fees. Zurich's

18   Texas action was transferred to the Western District of Washington on October 31, 2011, and

19   the two cases were consolidated by this Court on December 28, 2011.

20

21

22

---

23   [22] Bauer Dep. at 45:17-46:16.

24   [23] *Id.* at 45:17-46:20.

25   [24] *Id.*

26   [25] Prior to filing suit, Vitus, Microgen and Sneed entered into an assignment agreement which purported to irrevocably assign their rights under the insurance policy to AVEC.

DEFENDANTS' MOTION TO COMPEL AND TO
EXCLUDE EXPERT TESTIMONY - 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone 206.622.1711  Fax 206.292.0460

## C.   **Bauer's Declaration and Deposition Testimony**

Zurich moved for summary judgment on January 26, 2012.[26] In support of its opposition to Zurich's motion, AVEC submitted two declarations from James Bauer regarding the facts underlying the transaction, his beliefs as to the meaning of Addendum No. 2, as well as his views on the meaning of Addendum 2 in the marine insurance industry.[27] Mr. Bauer testified as to his expertise, stating "I have litigated marine insurance coverage disputes on behalf of marine insurance underwriters, have evaluated and opined on countless coverage situations, have drafted entire marine insurance policies addressing specialty risks and have certainly drafted many revisions, addenda and exclusions for existing forms. . . . I have not reviewed the list of the underwriters participating in the present Policy but <u>am confident that I have represented some if not all of them over the years</u>."[28]

Mr. Bauer testified "I believe and continue to believe the '79 builders risk clauses provide coverage for 'faulty workmanship' and 'faulty production procedures.' And the Marine insurance industry agrees with me. My own experience with marine underwriters and marine brokers, my daily diet, is absolutely to that effect."[29] He further testified regarding the ultimate legal issue in this case:

> My own experience in the marine insurance industry is that marine insurers clearly understand deletion of Addendum No. 2 broadens coverage by deleting the express exclusions (not found in the basic '79 clauses themselves) for "faulty workmanship" and "faulty production procedures." <u>I have had countless discussions with marine underwriters and brokers over the years and have never had anyone disagree or express doubt on this point.</u>[30]

---

[26] Dkt. 26. On October 4, 2012, summary judgment was granted by this Court. *See* Dkt. 54. That decision was reversed and remanded by the Ninth Circuit Court of Appeals. *See* Dkt. 65.

[27] *See* Bauer Decl. and Supplemental Declaration of James H. Bauer ("Supp. Bauer Decl."), attached as Exhibit B to AVEC's Expert Disclosure Under F.R.C.P. 26(a)(2)(C).

[28] Supp. Bauer Decl. at ¶ 2 (emphasis added).

[29] *Id.* at ¶ 6.

[30] *Id.* at ¶ 13 (emphasis added).

DEFENDANTS' MOTION TO COMPEL AND TO
EXCLUDE EXPERT TESTIMONY - 8

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206.622.1711  Fax 206.292.0460

1    Mr. Bauer was disclosed on July 1 as AVEC's sole expert witness in this case.[31] He

2    "will testify to the subject matter addressed in his Declaration and Supplemental

3    Declaration."[32] At deposition, Mr. Bauer refused to disclose whether he was paid for his

4    preparation of his opinions, on the grounds of attorney-client privilege.[33]

5         1.    Mr. Bauer refused to testify regarding the underwriters he
              represented or communicated with.

6

7    Zurich took Mr. Bauer's deposition on May 22, 2014.[34] Mr. Bauer refused to answer

8    any questions regarding the identities of the marine underwriters whom he referenced in his

9    declarations as having worked for and spoken to in "countless discussions." He claimed the

10   information was privileged.

11        Q:    In the late spring and early summer of 2010, Mr. Bauer, as this
              shipbuilding contract at issue in this case was being negotiated and the coverages
12            placed, how many of the five insurers who ultimately subscribed to the builder's
              risk contract at issue in this case was your firm then representing?
13
          A:    I have no idea.
14
          Q:    Well, let's talk about it. Zurich, did your office then represent Zurich?
15
          A: I'm going to decline to answer that question. I think the RPC's are involved,
16        particularly 1.6, and I think that goes to client confidentiality. My view of 1.6 is that
          it has been interpreted broadly so in many circumstances, the identity of the client
17        might well constitute confidential information . . .[35]

18   Mr. Bauer refused to answer the question as to all five insurers of the policy at issue,[36]

19   despite earlier testifying that he was "confident that [he] represented some if not all of them

20   over the years."[37] He also refused to testify whether or not he had an existing attorney-client

21   [31] See AVEC's Expert Disclosure Under F.R.C.P. 26(a)(2)(C), attached to Ebel Decl. at Exh.
     A.
22   [32] Id.

23   [33] Bauer Dep. at 28:12-16.

24   [34] Bauer Dep.
     [35] Id. at 6:21-7:10.
25   [36] Id. at 6:21-9:8.
26   [37] Supp. Bauer Decl. at ¶ 3.

DEFENDANTS' MOTION TO COMPEL AND TO
EXCLUDE EXPERT TESTIMONY - 9

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206.622.1711  Fax 206.292.0460

1   relationship with Linda Windham of ISI, on the same grounds.[38]

2        When asked to give foundation for his opinions in his declarations, Mr. Bauer again

3   refused to answer on grounds of privilege.

4        Q:   You also state, "It is a very substantial limitation upon the scope of
         coverage"—does that remain your opinion?

5

6        A:   It certainly does.

7        Q:   --"and none of the marine insurance brokers with which I have dealt over
         the years has been willing to accept it." Does that remain your opinion today, your
         belief today?

8

9        A:   Yes. In their discussions with me, they're unwilling to accept it, what they
         end up with in negotiations with the underwriters, but in the first instance, it's
         been my understanding and still remains my understanding that they view it the

10       same way I do.

11       Q:   Can you tell me some of those brokers who won't accept it, sir?

12       A:   No. Once again, I refer to the RPC's on confidentiality, 1.6 in particular—
         It can be 1.9 or 1.8—as well, in many of those instances, there would be an

13       attorney client relationship.[39]

14       When further questioned on the foundation of his declaration testimony, Mr. Bauer

15   continued to refuse on grounds of privilege.

16       Q:   Tell me sir, who those marine underwriters and brokers are with whom
         you've had countless discussions.

17

18       A:   That would fall within 1.6 again and in many instances would fall within
         the scope of attorney client privileges.

19       Q:   Let me try to limit it then. Let's limit it just to the five insurers on this risk.
         Do you contend that any of those countless discussions you've had with marine

20       underwriters include any of the insurers on this risk?

21       A:   I am not going to provide any information with regard to any work or
         discussions that I have ever had or done with any of the underwriters on this risk

22       to anyone, you included. [40]

23

24   _____

     [38] Bauer Dep. at 10:15-24.

25   [39] *Id.* at 14:7-25.

26   [40] *Id.* at 38:17-39:6

DEFENDANTS' MOTION TO COMPEL AND TO
EXCLUDE EXPERT TESTIMONY - 10

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206.622.1711  Fax 206.292.0460

    2.    <u>Mr. Bauer refused to explain the nature of his relationship with AVEC or the basis for his service as an expert witness.</u>

Mr. Bauer also refused to testify regarding the scope of his current representation of AVEC, Microgen, and Vitus.

> Q:     [A]re you or your office still representing A.V.E.C., Vitus Marine or Microgen with respect to the current controversy?
>
> A:     I believe a continuing attorney client relationship exists until this matter is finally resolved.
>
> Q:     Today, sir, is your client, A.V.E.C., Vitus, or Microgen Marine paying for your time?
>
> A:     I don't believe that has to be disclosed within the context of attorney client privilege.[41]

**D.    <u>Mr. Bauer has represented or currently represented all the Zurich underwriters.</u>**

After Mr. Bauer's deposition, the Zurich underwriters each looked into the extent that Mr. Bauer and his firm represented them. Bauer, Moynihan & Johnson ("BMJ") is currently representing National Union Fire Insurance Co. ("Chartis") and National Casualty Co. ("ISI") on a coverage matter and bad faith lawsuit.[42] BMJ has also represented Chartis on four other first-party matters in the last three years.[43] BMJ has represented ISI on at least eighteen matters commencing in 2010 through the present, including at least four first-party defenses and coverage matters.[44]

---

[41] Bauer Dep. at 65:3-11.

[42] Declaration of Paul Butler ("Butler Decl.") at ¶ 3; Declaration of Susan Goheen ("Goheen Decl.") at ¶ 4.

[43] Butler Decl. at ¶ 3.

[44] Goheen Decl. at ¶ 4.

DEFENDANTS' MOTION TO COMPEL AND TO
EXCLUDE EXPERT TESTIMONY - 11

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206.622.1711  Fax 206.292.0460

PDX\111581\182524\CBN\14086192.1

1    BMJ also previously advised and represented Great American Insurance Company of

2   New York ("Great American") on a number of matters, and has continuously represented

3   Great American since the summer of 2010, including on a first-party matter.[45] From mid-

4   2010 to the present, Great American has paid in excess of $295,000 to BMJ for its legal

5   services.[46] BMJ and Mr. Bauer personally are also serving as first-party coverage counsel on

6   an assignment for Starr Adjustment Services, Inc.[47] BMJ has served as defense counsel on

7   four separate third-party liability matters for Zurich between 2008 and 2013, with over

8   $66,000 in fees paid to the firm.[48] BMJ has apparently never sought a waiver from any of the

9   insurer defendants.[49]

10    On July 10, 2014, counsel for the parties properly conferred regarding this Motion

11   and were unable to reach agreement.[50]

12                          **IV.    ISSUES PRESENTED**

13    1.    A party may obtain discovery regarding any nonprivileged matter that is

14   relevant to any party's claim or defense. Where Mr. Bauer relied on the confidences of his

15   clients and contacts to form his expert opinions in this case, should the Court order him to

16   disclose the identities of those clients and contacts and the content of those communications?

17   **Yes.** If the Court does not require disclosure, should he be prohibited from testifying

18   regarding those hearsay conversations with unknown declarants? **Yes.**

19    2.    A retained expert witness must provide full disclosures under Fed. R. Civ. P.

20   26(a)(2)(B). Mr. Bauer has refused to provide sufficient  information regarding his

21   relationship to AVEC to reveal whether he is a retained expert or not. Should Mr. Bauer be

---

22   [45] Declaration of Thomas Nager ("Nager Decl."), at ¶ 3.

23   [46] *Id.*

24   [47] Declaration of John Ordon at ¶ 2.
     [48] Declaration of Peter Wiswell at ¶ 3.

25   [49] Butler Decl. at ¶ 4; Goheen Decl. at ¶ 5; Nager Decl. at ¶ 5.

26   [50] Ebel Decl. at ¶ 7.

DEFENDANTS' MOTION TO COMPEL AND TO
EXCLUDE EXPERT TESTIMONY - 12

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206.622.1711  Fax 206.292.0460

PDX\111581\182524\CBN\14086192.1

1    compelled to disclose the nature of his current representation with AVEC? **Yes.** If Mr. Bauer

2    is in fact a retained expert, should he be excluded from testifying for failure to make the

3    required disclosures? **Yes.**

4          3.      An attorney has a conflict of interest where his representation of a client is

5    directly adverse to a current client, where he utilizes information gained in the representation

6    of a former client against that client, or where his representation is contrary to his own

7    interests in his prior work. Where Mr. Bauer is subject to all of these conflicts, should he be

8    precluded from testifying as an expert witness? **Yes.**

9          4.      An expert witness may testify regarding scientific and technical matters that

10   would be helpful to the jury. Should Mr. Bauer should be excluded from offering expert

11   testimony in this bench trial as to the ultimate legal issue in this case, where the judge is

12   better equipped to make rulings as to the law? **Yes.**

13                   **V.**      **EVIDENCE RELIED UPON**

14         Zurich relies upon the Declaration of David Ebel in Support of Defendants' Motion

15   to Compel and exhibits, the Declaration of John Ordon, the Declaration of Thomas Nager

16   and exhibits, the Declaration of Sue Goheen, the Declaration of Paul Butler, the Declaration

17   of Peter Wiswell, and all other pleadings and records on file herein.

18                   **VI.**      **ARGUMENT AND AUTHORITY**

19         Parties may obtain discovery regarding any nonprivileged matter that is relevant to

20   any party's claim or defense...."[51] "For good cause, the court may order discovery of any

21   matter relevant to the subject matter involved in the action."[52] "Relevant information need

22   not be admissible at the trial if the discovery appears reasonably calculated to lead to the

23   discovery of admissible evidence."[53] On a proper request, a party is entitled to the production

24   ――――――――――――――

[51] Fed. R. Civ. P. 26(b)(1).

25   [52] *Id.*

26   [53] *Id.*

DEFENDANTS' MOTION TO COMPEL AND TO
EXCLUDE EXPERT TESTIMONY - 13

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206.622.1711 Fax 206.292.0460

PDX\11581\182524\CBN\14086192.1

1    of documents reasonably calculated to lead to the discovery of admissible evidence.[54]

2    **A.    Mr. Bauer should be compelled to disclose the scope of his**
     **representation of the Zurich underwriters.**
3

4    At his deposition (with the exception of Zurich), Mr. Bauer refused to confirm or

5    deny whether he had previously represented any of the underwriters of the subject policy.

6    The information sought is not subject to the attorney-client privilege. Even if the information

7    sought as to current clients could be considered protected by RPC 1.6 (and it is not as to the

8    defendants in this case), the Court should order Mr. Bauer to disclose this information, as

9    well as the nature of any conversations he had with those clients regarding Addendum No. 2.

10    As a preliminary matter, the identity of Mr. Bauer's underwriter clients, among other

11    things, is not attorney-client privileged. "Information such as the identity of the client, the

12    amount of the fee, the identification of the case by file name, the general purpose of the work

13    performed, and whether an attorney coached a client in his testimony is not privileged."[55]

14    Under the federal rules, a witness must answer all deposition questions unless refusal

15    to answer is necessary to "preserve a privilege, to enforce a limitation ordered by the court,

16    or to present a motion under Rule 30(d)(3)."[56] The party asserting the existence of privilege

17    bears the burden of establishing it.[57] In a deposition, an instruction not to answer due to

18    privilege (or refusal to answer in this case) is not enough to end the inquiry; the party seeking

19    to assert the privilege must (i) expressly make the claim; and (ii) describe the nature of the

20    documents, communications, or tangible things not produced or disclosed, and do so in a

21    manner that, without revealing information itself privileged or protected, will enable other

22

23    [54] *See id.*; *see also* FED. R. CIV. P. 34 (authorizing requests for the production of documents).

24    [55] *See, e.g. United State v. Carrillo*, 16 F.3d 1046, 1050 (9th Cir. 1994).

25    [56] Fed. R. Civ. P. 30(c)(2). A motion under Rule 30(d)(3) is filed to protect a witness from an examination being conducted in "bad faith."

26    [57] *United States v. Ruehle*, 583 F.3d 600, 609 (9th Cir. 2009).

DEFENDANTS' MOTION TO COMPEL AND TO
EXCLUDE EXPERT TESTIMONY - 14

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone 206.622.1711  Fax 206.292.0460

PDX\111581\182524\CBN\14086192.1

1    parties to assess the claims."[58] Mr. Bauer did not provide any additional information to allow
2    Zurich to evaluate his claims of privilege at the deposition.

3                    1.      RPC 1.6 does not expressly prohibit disclosure of a client's
                             identity.
4

5            Washington's Rules of Professional Conduct 1.6 provide that "A lawyer shall not
6    reveal information relating to the representation of a client unless the client gives informed
7    consent . . . ."[59] Washington courts have not interpreted whether this language includes a
8    client's identity, so it is unclear whether a client's identity is explicitly protected from
9    disclosure under RPC 1.6.[60] The Restatement (Third) of the Law Governing Lawyers takes
10   the position that "information that is generally known" is excepted from RPC 1.6,[61] as is
11   information that does not have an adverse effect on the client.[62]   These defendants are
12   obviously aware of the counsel they have engaged.  Mr. Bauer needs to acknowledge his
13   attorney-client relationship with these defendants and explain the nature of his relationship
14   with plaintiffs.

15           The fact of whether Mr. Bauer represented the Zurich underwriters is highly relevant
16   to this action.  The understanding and intent of Zurich and the other underwriters of the
17   policy is critical in determining the intent of the parties and the meaning of the contract. Mr.
18   Bauer's declaration testimony alludes to a syllogism: (1) he represented some if not all of the
19   underwriters to the policy,[63] and (2) no underwriter he has ever communicated with disagrees

20

21   [58] Fed. R. Civ. P. 26(b)(5)(A)(I, ii).
22   [59] RPC 1.6(a).
23   [60] Other states have interpreted this language, which is in the Model Rules of Professional
     Conduct, to prohibit disclosure of client identity. See State Bar of Nevada, Standing Comm.
24   on Ethics & Prof'l Responsibility, Formal Op. 41 (June 24, 2009).
     [61] Restatement (Third) of the Law Governing Lawyers § 59 (2001),
25   [62] *Id.* § 60(1)(a).
26   [63] Supp. Bauer Decl. at 2.

DEFENDANTS' MOTION TO COMPEL AND TO
EXCLUDE EXPERT TESTIMONY - 15

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone 206.622.1711  Fax 206.292.0460

1   with him regarding Addendum 2,[64] therefore, (3) the underwriters to this policy must agree

2   with his interpretation of the policy.  Zurich is entitled to evaluate the truth of his statements,

3   and if in fact, he had conversations with these defendants regarding Addendum No. 2. The

4   information is relevant and discoverable.

5          Zurich is also entitled to full disclosure regarding Mr. Bauer's representation of all of

6   the underwriters to evaluate the extent of his conflicts of interest in this case. The Zurich

7   underwriters' own investigation demonstrates that Mr. Bauer and his firm have represented

8   all of them throughout the duration of this case, and still represent four of the five. An

9   attorney is prohibited from using "information relating to the representation to the

10  disadvantage of the former client."[65] If Mr. Bauer or his firm previously represented the

11  Zurich underwriters and gained information regarding Addendum No. 2 during that

12  representation, Mr. Bauer's current use of that information in his capacity as expert witness

13  for AVEC violates the Rules of Professional Conduct. Similarly, if Mr. Bauer or his firm still

14  represent the Zurich underwriters, and it most certainly does, his apparent representation of

15  AVEC is a concurrent conflict of interest, as "the representation of one client (AVEC) will

16  be directly adverse to another client . . ."[66] Further, an attorney may not represent a party

17  where the lawyer's own interests might have an adverse effect on representation of the client:

18  "For example, if the probity of a lawyer's own conduct in a transaction is in serious question,

19  it may be difficult or impossible for the lawyer to give detached advice."[67] This conflict is

20  implicated here as well, as it was Mr. Bauer's idea to omit Addendum No. 2 from the

21  _____
    [64] *Id.* at 13.

22  [65] RPC 1.9(c)(1).

23  [66] RPC 1.7(a)(2); *See also* American Bar Association Formal Opinion 97-407, May 13, 1997
    ("Model Rules 1.7(b) and 1.10(a) apply to the lawyer's representation of a client adverse to a

24  party for whom he is serving as a testifying expert. If the duty of confidentiality to the party
    on whose behalf the lawyer serves as a testifying expert would 'materially limit' the

25  responsibilities of the lawyer to one of his clients, the lawyer and any firm which the lawyer
    is associated may be prohibited from concurrently representing that client.").

26  [67] RPC 1.7, comment 10.

DEFENDANTS' MOTION TO COMPEL AND TO
EXCLUDE EXPERT TESTIMONY - 16

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206.622.1711  Fax 206.292.0460

1   beginning. If Mr. Bauer's advice was, as defendants vigorously assert, mistaken and wrong

2   from the outset, it explains the vehemence of his position now as well as his refusal to

3   disclose the identities of his "innumerable" supportive marine insurers and brokers.

4       If this Court orders Mr. Bauer to disclose his representation of the underwriters, and

5   that disclosure reveals that he previously or currently represents the Zurich underwriters,

6   Zurich further requests that he be excluded from testifying as an expert witness in this case

7   due to his multiple conflicts of interest.

8       **B.    Mr. Bauer should be compelled to disclose the identity of the
            underwriter clients.**

9

10      At his deposition, Mr. Bauer also refused to testify regarding the identity of any

11  underwriter or broker he previously communicated with about Addendum No. 2. As

12  discussed above, the identity of other underwriter clients is not privileged or protected from

13  disclosure under RPC 1.6.

14      Even if the Court determined that RPC 1.6 prevented disclosure of the identities of

15  the underwriter clients, Mr. Bauer should not be permitted to hide behind RPC 1.6 in this

16  case. It is far too late for Mr. Bauer to be raising ethical issues. Courts have noted that "[t]he

17  attorney client privilege should not be used as both a sword and a shield. . . [I]t is unfair to

18  allow a party to 'disclose only those facts beneficial to its case and refuse to disclose, on the

19  grounds of privilege, related facts adverse to its position . . . Similarly, a party should not be

20  permitted to use the privilege to shield information which it has deliberately chosen to use

21  offensively."[68] The same is true as to client confidences under RPC 1.6 or 1.8 and 1.9.

22      Mr. Bauer <u>has already disclosed</u> what he apparently believes are "client confidences"

23  for the purposes of his testimony, testifying that he has had "countless discussions with

24  marine underwriters and brokers over the years and have never had anyone disagree or

25

26  ───────────
    [68] *Tracinda Corp. v. DaimlerChrysler, AG*, 362 F. Supp. 2d 487, 514 (D. Del. 2005).

DEFENDANTS' MOTION TO COMPEL AND TO
EXCLUDE EXPERT TESTIMONY - 17

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206.622.1711 Fax 206.292.0460

PDX\111581\182524\CBN\14086192.1

1   express doubt on this point."[69] The identities of the marine insurers, underwriters and brokers

2   that he has worked with and communicated over the years is clearly relevant information to

3   the case. If the conversations he referenced were with his clients, Mr. Bauer already

4   disclosed information related to the representation, and should not be able to rely on this

5   information to support AVEC's case without also disclosing the identity of those insurers. If

6   these conversations were not with clients, he should be compelled to disclose their identities,

7   as the information is not privileged or protected by RPC 1.6.

8        Alternatively, if the conversations were with clients, and the court believes this

9   information is protected from disclosure under RPC 1.6, the Court should exclude Mr.

10   Bauer's expert testimony regarding the understanding of marine insurers generally and his

11   specific discussions with them. Without information regarding who the underwriters are who

12   hold such opinions, Mr. Bauer's opinion lacks foundation,[70] and does not provide a sufficient

13   basis for the Court to evaluate his qualifications as an expert in the area. To be properly

14   qualified as an expert witness based on experience, an expert must "explain how that

15   experience leads to the conclusion reached, why that experience is a sufficient basis for the

16   opinion, and how that experience is reliably applied to the facts."[71] "The trial court's

17   gatekeeping function requires more than simply 'taking the expert's word for it.'"[72] Without

18   disclosing the identities of the underwriters and the conversations he has had with them, Mr.

19   Bauer asks the Court to do just that—take his word for it. Further, Mr. Bauer is utilizing

20   information gained during his representation of these former clients in violation of RPC

21

22   [69] Supp. Bauer Decl. at ¶ 13.

23   [70] *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 201) ("[A]n expert
24   opinion must 'set forth facts' and, in doing so, outline a line of reasoning arising from a
     logical conclusion.").

25   [71] *Morris v. Ford Motor Co.*, 2012 U.S. Dist. LEXIS 168423, at *13 (N.D. Ind. 2012)
     (quoting Fed. R. Evid. 702, Advisory Committee's Notes)

26   [72] *Id.*

DEFENDANTS' MOTION TO COMPEL AND TO
EXCLUDE EXPERT TESTIMONY - 18

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206.622.1711  Fax 206.292.0460

1.9.[73] His testimony should be excluded.

C.   **The Court should order Mr. Bauer to produce information regarding his retention as an expert and current representation of AVEC.**

Expert testimony is that which requires "scientific, technical, or other specialized knowledge."[74] "The distinction between lay and expert witness testimony is that 'lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'"[75] Before an expert witness may testify, the court must determine whether the expert has the proper qualifications to testify, and whether the testimony relates to scientific, technical, or other specialized testimony that will "assist the trier of fact."[76]

To testify as an expert, a witness is required to be disclosed pursuant to Fed. R. Civ. P. 26(a)(2). An expert under Fed. R. Civ. P. 26(a)(2)(C) is not required to produce a detailed report.[77] On the other hand, an expert witness who is "retained or specially employed to provide expert testimony" must supply a report containing "a complete statement of all opinions the witness will express and the basis and reasons for them; the facts or data considered by the witness in forming them . . ."[78] The expert must also list all other cases in which he testified in the last four years, the exhibits he will use to support his opinions, the witness's qualifications, and a statement of the compensation to be paid in the case.[79] Failure to properly disclose a retained expert warrants exclusion of that witness's testimony.[80]

---

[73] RPC 1.9(c)(1).

[74] Fed. R. Evid. 701.

[75] *United States v. Corona*, 359 Fed. Appx. 848, 851 (9th Cir. 2009) (citing Fed. R. Evid. 701, Advisory Committee's Notes).

[76] *Starbucks v. Lundberg*, 2005 U.S. Dist. LEXIS 46167, at *3, 14 (D. Or. 2005).

[77] Fed. R. Civ. P. 26(a)(2)(C).

[78] Fed. R. Civ. P. 26(c)(B).

[79] *Id.*

[80] Fed. R. Civ. P. 37(c)(1).

DEFENDANTS' MOTION TO COMPEL AND TO
EXCLUDE EXPERT TESTIMONY - 19

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206.622.1711  Fax 206.292.0460

1    In this case, Mr. Bauer has been disclosed as an expert witness under Fed. R. Civ.

2  P. 26(a)(2)(C), who is not required to provide a report. Yet Mr. Bauer refused to testify

3  regarding the scope of his current representation of AVEC, Microgen, and Vitus.

4    Q:    [A]re you or your office still representing A.V.E.C., Vitus Marine or
      Microgen with respect to the current controversy?

5

6    A:    I believe a continuing attorney client relationship exists until this matter is
      finally resolved.

7    Q:    Today, sir, is your client, A.V.E.C., Vitus, or Microgen Marine paying for
      your time?

8

9    A:    I don't believe that has to be disclosed within the context of attorney client
      privilege.[81]

10    Mr. Bauer should be required to disclose whether he is serving as expert witness in

11  his capacity as AVEC's attorney, or as an independently retained expert witness. Zurich is

12  entitled to this information, because it directly affects whether or not Mr. Bauer properly

13  qualifies as a non-retained expert under Fed. R. Civ. P. 26(a)(2)(C).

14    If Mr. Bauer currently represents AVEC, then he is acting as an expert witness in his

15  capacity as AVEC's attorney, rather than as an expert specifically retained for the purposes

16  of testifying. However, it is generally inappropriate for an attorney to act as a witness for his

17  own client.[82] Courts may exclude attorneys from testifying as expert witnesses for their

18  clients, especially where the extent of that relationship was not disclosed to the court.[83] Mr.

19  Bauer's testimony should be excluded on that ground, as well as his multiple conflicts of

20  interest, as discussed above.

21

22  [81] Bauer Dep. at 65:3-11.

23  [82] *Universal Athletic Sales Co. v. Am. Gym, Recreational & Athletic Equip. Co.*, 546 F.2d
530, 538 (9th Cir. 1976); *Lau Ah Yew v. Dulles*, 257 F.2d 744, 746-747 (9th Cir. 1958)

24  (allowing attorney to testify as a lay witness but "discounting" the value of the testimony).

25  [83] *TWM Man. Co. v. Dura Corp.*, 722 F.2d 1261, 1267 (6th Cir. 1983) (expert's failure to
disclose 'of counsel' position for defendant "case serious doubt upon the credibility' of his
statements," because of relationship and failure to disclose, trial court discounted and found

26  testimony incredible).

DEFENDANTS' MOTION TO COMPEL AND TO
EXCLUDE EXPERT TESTIMONY - 20

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206.622.1711 Fax 206.292.0460

PDX\111581\182524\CBN\14086192.1

1    If Mr. Bauer is not currently AVEC's attorney, then he has been specially retained as

2    an expert witness in this case. He is actually an expert under Fed. R. Civ. P. 26(a)(2)(B), and

3    must provide significantly more information than the expert disclosure in this case. Failure to

4    properly disclose under Fed. R. Civ. P. 26(a)(2)(B) is grounds for exclusion of the expert's

5    testimony,[84] and it certainly warrants exclusion in this case, where Mr. Bauer asserted

6    privilege in the attempt to hide his true status.

7         **D.    Mr. Bauer should be excluded from testifying as an expert witness**
              **as to legal conclusions.**

8

9    Mr. Bauer's "expert" opinions regarding the meaning of Addendum No. 2 and its

10   deletion should be excluded, as he is expressing a legal opinion. "Though expert testimony is

11   appropriate where 'scientific, technical, or other specialized knowledge will assist the trial of

12   fact,' expert testimony consisting of legal conclusions is generally inappropriate.'"[85] Legal

13   opinions arguably are not a permissible subject of expert testimony, as they do not assist the

14   trier of fact.

15   In *CFM Communications v. Mitts Telecasting Co.*, the plaintiff moved to exclude

16   expert testimony that "read like a legal brief."[86] The issue before the court was a question of

17   law.[87] The court found that the witness's opinions regarding how the FCC would likely apply

18   statutory and case law as "utterly unhelpful" to the Court.[88] The court further found that to

19   the extent that the witness based his opinion about the FCC's likely action "on vague claims

20

21   _____

22   [84] Fed. R. Civ. P. 37(c)(1); *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010).

23   [85] *See CFM Communs., LLC v. Mitts Telecasting Co.*, 424 F. Supp. 2d 1229, 1233 (E.D. Cal. Oct. 11, 2005) (citing *Aguilar v. Int'l Longshoremen's Union Local #10*, 966 F.2d 443, 447 (9th Cir. 1992)).

24   [86] *Id.* at 1234.

25   [87] *Id.*

26   [88] *Id.* at 1236.

DEFENDANTS' MOTION TO COMPEL AND TO
EXCLUDE EXPERT TESTIMONY - 21

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206.622.1711   Fax 206.292.0460

1  regarding his experience of practicing before the FCC, they amount to mere speculation."[89]

2  As noted by the Second Circuit, "experience is hardly a qualification for construing a

3  document for its legal effect when there is a knowledgeable gentleman in a robe whose

4  exclusive province it is to instruct the jury on the law. . . ."[90]

5      Other courts have also determined that an attorney is not permitted to testify as an

6  expert witness as to the law.[91] For instance, in the Fourth Circuit securities case *Adalman v.*

7  *Baker, Watts & Co.*,[92] the Court refused to let a prior attorney for the parties testify regarding

8  the application of securities law, noting that it is the responsibility of the court to state to the

9  jury the meaning of applicable law.[93]

10      Like in *CFM Communications* and *Adalman*, Mr. Bauer's opinions in this case should

11  be excluded. Mr. Bauer seeks to testify as to the meaning of Addendum No. 2, and the

12  meaning of the policy after it has been deleted. The interpretation of policy language and

13  contractual language is clearly a question of law.[94] Mr. Bauer's expert testimony, which

14  seeks to inform the judge as to the legal significance of the exclusion of Addendum 2, is not

15  the proper subject for expert testimony.

16          **VII.   CONCLUSION**

17      Mr. Bauer should not be able to hide behind the Rules of Professional Conduct and

18  attorney-client privilege to obstruct legitimate discovery of issues he has affirmatively placed

19  in controversy. This Court should compel Mr. Bauer to disclose the extent of his

20  [89] *Id.* at 1237.

21  [90] *Marx & Co., Inc. v. Diners' Club, Inc.* 550 F.2d 505, 508-509 (2nd Cir. 1977).

22  [91] See *NTP, Inc. v. Research in Motion, Ltd.*, 2003 U.S. Dist. LEXIS 14338, at *22 (E.D. Va. May 23, 2003); *Aspex Eyewear, Inc. v. E'Lite Optik, Inc.*, 2002 U.S. Dist. LEXIS 14834,

23  102-103 (N.D. Tex. April 4, 2002) ("[C]laim construction is ultimately a question of law about which [an attorney] may not offer his legal opinion in the guise of expert testimony").

24  [92] 807 F.2d 359 (4th Cir. 1986), overruled on other grounds by *Pinter v. Dahl*, 486 U.S. 622 (1988).

25  [93] *Id.* at 366.

26  [94] *Hall v. Custom Craft Fixtures, Inc.*, 87 Wn. App. 1, 9, 937 P.2d 1143 (1997).

DEFENDANTS' MOTION TO COMPEL AND TO
EXCLUDE EXPERT TESTIMONY - 22

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206.622.1711 Fax 206.292.0460

PDX\111581\182524\CBN\14086192.1

1   relationships with the Zurich underwriters, other underwriters with whom he discussed

2   Addendum No. 2, and the nature of his current relationship to AVEC.

3        Mr. Bauer should not serve as an expert witness in this case due to his intimate

4   involvement with all aspects of the underlying transaction and claim process, as well as his

5   multiple conflicts of interest. Mr. Bauer has represented or currently represents every party to

6   this litigation and has procured no conflict waivers regarding his representation or service as

7   an expert witness. His testimony is suspect due to his interests in upholding his own former

8   work. Mr. Bauer should be excluded from testifying as an expert witness in this case.

9        Dated this 17th day of July, 2014.

10                        SCHWABE, WILLIAMSON & WYATT, P.C.

11

12                 By:     */s/Claire L. Rootjes*
                           Bert W. Markovich, WSBA #13580

13                         Daniel F. Knox, *Admitted Pro Hac Vice*
                           David R. Ebel, WSBA #28853

14                         Claire L. Rootjes, WSBA #42178
                           Attorneys for Defendants

15                         Zurich American Insurance Company,
                           National Union Fire Insurance Company

16                         of Pittsburgh, PA, through Chartis
                           Global Marine, National Casualty

17                         Company, Great American Insurance
                           Company of New York, and Starr

18                         Indemnity & Liability Company

19

20

21

22

23

24

25

26

DEFENDANTS' MOTION TO COMPEL AND TO
EXCLUDE EXPERT TESTIMONY - 23

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206.622.1711  Fax 206.292.0460

PDX\111581\182524\CBN\14086192.1

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on the 17th day of July, 2014, I caused to be served the foregoing

3  DEFENDANTS' MOTION TO COMPEL AND TO EXCLUDE EXPERT TESTIMONY on

4  the following parties via United States District Court – Western District of Washington's

5  Electronic Case Filing System ("ECF") at the following addresses:

6   - **Claire L. Rootjes**
       crootjes@schwabe.com,mawilliams@schwabe.com,centraldocket@schwabe.com
7   - **Evan T Caffrey**
       ecaffrey@hallmaineslugrin.com
8   - **Andrew R Chisholm**
       achisholm@mpba.com, eservice@mpba.com
9   - **Christopher Ogilvie Davis**
       codavis@bakerdonelson.com
10  - **David Ryan Ebel**
       debel@schwabe.com,btaylor@schwabe.com,docket@schwabe.com
11  - **Michael E Gossler**
       mgossler@mpba.com, eservice@mpba.com
12  - **Scarlett B Hunter**
       shunter@schwabe.com,rdavies@schwabe.com,centraldocket@schwabe.com
13  - **Daniel F Knox**
       dknox@schwabe.com,emclean@schwabe.com,docket@schwabe.com
14  - **Bert W. Markovich**
       bmarkovich@schwabe.com,rsherwood@schwabe.com,centraldocket@schwabe.com
15  - **Jonathan Robert Moore**
       jmoore@mpba.com,eservice@mpba.com

16                                        SCHWABE, WILLIAMSON & WYATT, P.C.

17

18                     By:    _/s/Claire L. Rootjes_____
                              Bert W. Markovich, OSB #841211
19                            Daniel F. Knox, *Admitted Pro Hac Vice*
                              David R. Ebel, WSBA #28853
20                            Claire L. Rootjes, WSBA #42178
                              Attorneys for Defendants
21                            Zurich American Insurance Company,
                              National Union Fire Insurance Company
22                            of Pittsburgh, PA, through Chartis
                              Global Marine, National Casualty
23                            Company, Great American Insurance
                              Company of New York, and Starr
                              Indemnity & Liability Company
24

25

26

CERTIFICATE OF SERVICE - 1
CASE NO. 2:11-CV-01375-RAJ AND CASE NO. 2:11-CV-01819-RAJ

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206.622.1711  Fax 206.292.0460

PDX\111581\182524\CBN\14086192.1